**WAILEA PARTNERS, LP, a Delaware limited partnership, Plaintiff–Appellant,**

v.

**HSBC BANK USA, N.A., a national banking association, Defendant–Appellee.**

**No. 11–18041.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2014.

Filed April 21, 2014.

Benjamin Rozwood, Esquire, Rozwood & Company APC, Beverly Hills, CA, Kevin Harr, Law Office of Kevin Harr, Santa Monica, CA, for Plaintiff–Appellant.

Joshua R. Benson, Jonathan Alan Patchen, Stephen E. Taylor, Esquire, Taylor & Company Law Offices, San Francisco, CA, David E. Brodsky, Marla A. Decker, Thomas J. Moloney, Justin L. Ormand, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendant–Appellee.

Before: BYBEE and BEA, Circuit Judges, and RESTANI, Judge.*

MEMORANDUM **

Wailea Partners, LP ("Wailea"), seeks rescission of a swap agreement it entered into with HSBC Bank USA, N.A. ("HSBC"), that was tied to the value of a fund managed exclusively by Bernie Madoff. Wailea brought several state law causes of action claiming mistake, failure

---

of a condition precedent, and misrepresentation.

At oral argument, the court sua sponte questioned whether subject matter jurisdiction existed in this case, as Wailea had failed to identify in its complaint all of the relevant entities and persons upon which it based its allegation of diversity jurisdiction. After supplemental briefing, diversity jurisdiction still has not been established, and Wailea no longer alleges as much.[1] Just as we lack jurisdiction, so too did the district court lack subject matter jurisdiction in this case ab initio, and therefore it was without power to render judgment.

**VACATED.**

---

1. Although HSBC attempts to save Wailea's complaint by asserting an alternative basis of jurisdiction under the Edge Act, 12 U.S.C. § 632, we decline to exercise jurisdiction pursuant to the act, as it is not clearly supported by the complaint and has not been advanced by Wailea.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

